UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNA L. L.,

                              Plaintiff,

v.                                                          5:23-cv-0655
                                                                        (GTS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OLINSKY LAW GROUP                     HOWARD D. OLINSKY, ESQ.
250 South Clinton Street
Suite 210
Syracuse, NY 13202
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION    HEETANO SHAMSOONDAR, ESQ.
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

### I.    INTRODUCTION

      Donna L. L. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or

"Defendant") denying her application for Supplemental Security Income.  Dkt. No. 1.  Plaintiff

did not consent to the jurisdiction of a Magistrate Judge.  Dkt. No. 7.  The matter was referred to

the undersigned for a report and recommendation by the Hon. Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18. Dkt. Nos. 15, 19. For the reasons set forth below, the Court recommends Plaintiff's motion for judgment on the pleadings be granted, Defendant's motion be denied, and the decision of the Commissioner be reversed and remanded.

## II.   BACKGROUND

Plaintiff was born in 1957 and was 60 years old at the time of her application for benefits. T. 362.[1] She completed three years of college education and previously worked as a driver and office manager. *Id*. at 419. On February 8, 2018, Plaintiff protectively filed an application for social security benefits. *See id*. at 107, 362-85. She alleged disability beginning on January 3, 2018, due to rheumatoid arthritis in hands, type two diabetes, sciatica, chronic hip pain, high blood pressure, high cholesterol, acid reflux, and depression. *Id*. at 418-19.

Plaintiff's application was initially denied, *see id*. at 107-20, she requested a hearing before an ALJ, *id*. at 166, and appeared via teleconference before Administrative Law Judge ("ALJ") Dale Black-Pennington on September 22, 2020, *id*. at 39-74. On December 3, 2020, the ALJ issued an unfavorable decision. *Id*. at 121-43. Plaintiff requested review of the ALJ's decision and, by order dated October 29, 2021, the Appeals Council vacated the hearing decision

---

[1] The Administrative Record/Transcript is found at Dkt. No. 12. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

and remanded the case back to an ALJ. *See id*. at 144-49. Plaintiff reappeared before ALJ Black-Pennington on March 1, 2022. *See id*. at 75-106.

On March 21, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. *See id*. at 11-38. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 24, 2023. *Id*. at 1-7. Plaintiff timely commenced this action on June 1, 2023. Dkt. No. 1.

### III.  LEGAL STANDARDS

#### A.  Standard of Review

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d

307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996). Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings. *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

## B. Standard for Benefits [2]

To be considered disabled, a plaintiff seeking disability benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> [P]hysical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

---

[2] While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably. *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)).  The claimant bears the burden of proof regarding the first four steps.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).  If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working.  *Id*.

## IV.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims.  T. 16-31.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, February 8, 2018.  *Id*. at 16.  Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: "obesity, diabetes mellitus with diabetic peripheral neuropathy, degenerative disc disease of the lumbar spine, arthritis, and hypertension."  *Id*.  The ALJ further noted Plaintiff alleged other impairments which were found to be nonsevere.  *Id*. at 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  *Id*. at 21.  The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform light work with certain additional limitations, specifically, "she can lift and carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk about six hours total and sit about six hours total each during an eight-hour day; and can frequently but not continuously climb ramps and/or stairs."  *Id*. at 22.

At step four, the ALJ concluded Plaintiff could not perform her past relevant work.  *Id*. at 33.  Finally, at step five, based on her age, education, work experience, and RFC, the ALJ determined Plaintiff had "acquired work stills from past relevant work that are transferrable to

other occupations with jobs existing in significant numbers in the national economy." *Id*. at 28. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*. at 31.

V. **DISCUSSION**

Plaintiff argues "the ALJ erred by finding Plaintiff's mental impairments non-severe." Dkt. No. 15 at 6. She further avers, "despite assessing Plaintiff with mild limitations in all four domains of mental functioning when performing the Psychiatric Review Technique, the ALJ failed to incorporate any such limitations in to the crafted RFC." *Id*. at 11. Defendant contends the ALJ properly evaluated Plaintiff's mental impairments. Dkt. No. 19 at 6.

    A. **Finding of "Non-Severe" Mental Impairments**

At the second step of the sequential evaluation process, the medical severity of a claimant's impairments is considered. 20 C.F.R. § 404.1520(a)(4)(ii); *see also* 20 C.F.R. § 404.1520(c) (explaining, a "severe impairment" is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities . . . ."). "The claimant bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp. 3d 170, 180 (N.D.N.Y. 2012) (citing 20 C.F.R. § 404.1512(a)) (additional citation omitted).

> Step two's 'severity' requirement is *de minimis* and is meant only to screen out the weakest of claims . . . . However, despite this lenient standard, the mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe . . . . Rather, to be considered severe, an impairment or combination of impairments must cause more than minimal limitations in a claimant's ability to perform work-related functions.

*Nedzad O. v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 37, 43-44 (N.D.N.Y. 2021) (citing *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018)) (internal quotation omitted, alterations in original). "When the parties disagree over the effect of the ALJ's failure to include

7

a condition at step two, resolution of this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the condition] should not be included as a severe impairment." *Lisa P. v. Saul*, No. 1:18-CV-890 (DJS), 2019 WL 4690260, at *3 (N.D.N.Y. Sept. 26, 2019) (internal quotations and citations omitted).

"Where, as here, mental impairments are at issue, the Commissioner directs administrative adjudicators to employ a 'psychiatric review technique' (sometimes referred to as a 'special technique')." *Amanda R. v. Comm'r of Soc. Sec.*, 556 F. Supp. 3d 145, 151 (N.D.N.Y. 2021) (internal quotations and citation omitted). This so-called psychiatric review technique "helps administrative law judges first determine whether claimants have medically determinable mental impairments . . . . [then] determine whether medically determinable mental impairments are severe (a Step 2 issue) and whether they meet or are equivalent in severity to any presumptively disabling mental disorder (a Step 3 issue)." *Id*. (citations omitted, cleaned up).

> At the first step of this special technique, the ALJ must evaluate "symptoms, signs, and laboratory findings" to determine whether the claimant has one or more medically determinable mental impairments. 20 C.F.R. § 404.1520a(b)(1). If so, at step two of the special technique the ALJ must rate the degree of functional limitation that results from the medically determinable mental impairment(s). § 404.1520a(b)(2).
>
> This involves the consideration of the degree of limitation present in "four broad functional areas": (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. § 404.1520a(c)(3).
>
> These four functional areas are measured on a five-point scale that ranges between "none," "mild," "moderate," "marked," and "extreme," with the last point on the scale representing "a degree of limitation that is incompatible with the ability to do any gainful activity." § 404.1520a(c)(4). If, however, the degree of limitation in each of these areas is "none" or "mild," the impairment will be considered non-severe absent evidence that "otherwise indicates

> that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." § 404.1520a(d)(1).

*Nedzad O.*, 577 F. Supp. 3d at 44. "Application of this process must be documented and the ALJ's written decision must reflect application of the technique and include a specific finding as to the degree of limitation in each of the four functional areas." *Richard H. v. Comm'r of Soc. Sec.*, No. 5:17-CV-0515 (DNH/TWD), 2018 WL 4627118, at *3 (N.D.N.Y. Aug. 15, 2018) (citing *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008); § 404.1520(a)(e)), *report and recommendation adopted*, 2018 WL 4625402 (N.D.N.Y. Sept. 26, 2018).

Here, the ALJ's narrative discussion reflects his application of the psychiatric review technique to assess Plaintiff's mental impairments. *See* T. 16-20. The ALJ observed Plaintiff "alleged depression, anxiety, and posttraumatic stress as factors contributing to disability, but the record contains insufficient evidence with which to find medically determinable mental impairments have caused more than minimal restriction in her ability to perform basic work activities. Accordingly, I have found mental impairments nonsevere." *Id*. at 18. In considering the four broad mental functioning areas, the ALJ concluded Plaintiff had "mild limitation[s]" in (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id*. at 19-20. Plaintiff contends the ALJ erred in finding her impairments to be non-severe, disputing the characterization or her treatment as "conservative" and arguing the "Agency's own expert consultative examiner [Dr. Brett T. Hartman, Psy.D.] assessed Plaintiff with severe mental impairment resulting in moderate difficulties." Dkt. No. 15 at 7. The Court disagrees.

On April 20, 2018, Plaintiff was consultatively evaluated by Dr. Hartman. *See* T. 685-89. Dr. Hartman noted Plaintiff "reported that she has never been psychiatrically hospitalized" and claimed "no history of outpatient mental health services, but has been taking the medication

9

Effexor as prescribed by her primary care physician for the past 3-4 years. She claimed that it 'seems to work.'" *Id*. at 685. The consultative examiner found Plaintiff:

> is able to understand, remember, and apply simple directions. She is able to maintain personal hygiene and maintain awareness of hazards. She has a fair ability to use reason and judgment. She has a fair ability to sustain an ordinary routine. She has mild difficulty understanding, remembering, and applying complex directions. She has mild difficulty interacting adequately with others. She has mild difficulty sustaining concentration. She has moderate difficulty regulating her emotions and controlling behavior.

*Id*. at 688. Accordingly, Dr. Hartman diagnosed Plaintiff with persistent depressive disorder, unspecified anxiety disorder, and rule out posttraumatic stress disorder; recommended she take part in individual counseling; and deemed her prognosis to be "[f]air, given her past higher level of functioning." *Id*.

State agency psychological consultant M. Momot-Baker, Ph.D., reviewed the record and opined Plaintiff had only "mild" limitations in her abilities to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id*. at 112. Dr. Momot-Baker explained:

> [Plaintiff] reports living alone, caring for pets, ADL difficulties due to physical limitations; additionally, going outside 'all the time', no problems getting along with others, paying attention, following instructions or remembering and that stress or changes in schedule do not affect her. At CE slouched posture, normal motor behavior, mildly impaired attention/concentration and memory, anxious affect; mood reported as depressed.

*Id*. at 112-13. Accordingly, Dr. Momot-Baker opined Plaintiff's "mental impairment is non-severe." *Id*. at 113.

In finding Plaintiff's mental impairments nonsevere, the ALJ "found persuasive the May 2018 assessment of State agency medical consultant M. Momot-Baker, Ph.D., who opined no more than 'mild' difficulties in any 'paragraph B' criteria and that the claimant's mental

impairments were nonsevere." *Id*. at 26. The ALJ explained Dr. Momot-Baker's opinion was "consistent with the claimant's conservative primary care with only medication management" and "supported by her entirely unremarkable mental status notes from her provider throughout the period at issue as well as Dr. Hartman's mostly benign clinical findings." *Id*. By contrast, the ALJ "found less persuasive Dr. Hartman's April 2018 functional assessment, which reasonably opined mild or less difficulties in most basic mental work activities but that the claimant had 'moderate' difficulties regulating her emotions and controlling her behavior." *Id*. The ALJ explained Dr. Hartman's "opined 'moderate' restrictions appear to be supported only by the claimant's subjective reports of anxious, depressive, and posttraumatic issues in conflict with his own clinical findings, the claimant's conservative primary care treatment, and her consistently unremarkable mental status findings regarding personal care, manner of relating, thoughts, speech, and cognition." *Id*. The ALJ also referenced progress notes from Plaintiff's primary care provider, concluding "[d]espite carrying assessments of unspecified depression with prescription for medication such as venlafaxine, her medical records did not objectively corroborate her claims or provide evidence of longitudinally limiting impairment . . . ." *Id*. at 18.

Plaintiff argues the ALJ's "finding which he claimed is supported by Plaintiff's 'conservative' treatment and 'mostly benign clinical findings'" is "a mischaracterization of the evidence" citing Dr. Hartman's assessment of "moderate difficulty regulating emotions and controlling behavior" and NP Meredith Lizotte's progress notes indicating Plaintiff "was assessed with a PHQ-9 score of 13, which is indicative of moderate depression" increasing Plaintiff's doses of Ventafaxine and Effexor. Dkt. No. 15 at 7-8.

"It is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence," *Amanda R.*, 556 F. Supp. 3d at 152, and "well settled that an ALJ is

11

entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012) (citations omitted). Therefore, the ALJ was free to accept Dr. Momot-Baker's finding of no more than mild limitations in Plaintiff's mental functioning, despite the existence of evidence which might support finding greater limitations. *See*, *e.g.*, *Nedzad O.*, 577 F. Supp. 3d at 45 (concluding the ALJ did not err in finding the plaintiff's mental impairments to be non-severe, explaining, "[a]lthough [one medical source] assessed 'moderate' limitations in several areas . . . the ALJ ultimately concluded that her opinion was 'not persuasive' and 'not consistent with the overall medical evidence and the treatment reports' . . . .").

Accordingly, the undersigned finds substantial evidence supports the ALJ's step-two conclusion that Plaintiff's mental impairments were not severe. *See*, *e.g.*, *Richard H.*, 2018 WL 4627118, at *6 (the ALJ did not err in finding Plaintiff's mental impairments to be non-severe where "the reports of mental issues were minor, and apparently managed by medications. Plaintiff did not receive any special treatment with mental health professionals, and he continued to engage in daily activities.").

### B.  Failure to Incorporate Mild Mental Functioning Limitations into Plaintiff's RFC

Plaintiff next argues the ALJ erred in failing to incorporate Plaintiff's mild mental functioning limitations into the RFC analysis. The Court agrees.

"It is axiomatic that the ALJ is required to consider a plaintiff's mental impairments, even if not severe, in formulating the RFC." *Rookey v. Comm'r of Soc. Sec.*, No. 7:14-CV-914 (GLS), 2015 WL 5709216, at *4 (N.D.N.Y. Sept. 29, 2015) (citing 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware,

including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.")) (additional citations omitted). Therefore, despite the above conclusion that "substantial evidence supports the ALJ's finding that [the plaintiff]'s mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account [the aforementioned] mental limitations when determining [the plaintiff's] RFC." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012); *see also Laura Anne H. v. Saul*, No. 6:20-CV-397 (TWD), 2021 WL 4440345, at *9 (N.D.N.Y. Sept. 28, 2021) ("[R]egardless of whether substantial evidence supports the step two analysis, remand is required because [the ALJ] did not consider the non-severe mental impairments when determining Plaintiff's RFC.") (collecting cases).

To be sure, "[t]he presence of mild limitations, however, do not require that mental restrictions be incorporated into the RFC." *Lisa G. v. Comm'r of Soc. Sec.*, No. 5:22-CV-0552 (DJS), 2023 WL 4175295, at *5 (N.D.N.Y. June 26, 2023) (citations omitted); *see also*, *e.g.*, *Robert G. B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0291 (DEP), 2022 WL 4482737, at *7 (N.D.N.Y. Sept. 27, 2022) ("The fact that the ALJ found that plaintiff has a mild limitation in his ability to interact with others does not require that he find any corresponding limitations in the RFC if specific, work-related limitations are not supported by the evidence.") (citing *Michelle B. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0332 (DNH), 2021 WL 3022036, at *7-8 (N.D.N.Y. July 16, 2021)). Therefore, "[t]he fact that the ALJ ultimately did not incorporate any limitations into the RFC to accommodate . . . mild limitations is not error where . . . it is clear from [his] analysis that the ALJ considered these mild mental limitations but declined to adopt them." *Lisa G.*, 2023 WL 4175295, at *5 (citing *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6998, 2022 WL 2758309, at *5 (W.D.N.Y. July 14, 2022)).

13

Here, however, the ALJ's step four analysis is wholly devoid of any indication that the ALJ considered Plaintiff's mental functioning limitations in assessing her RFC. *See* T. 22-27. Significantly, the ALJ's RFC analysis made no mention of Plaintiff's mild limitations in the aforementioned four mental functioning areas, much less explain the impact of these limitations, if any, on Plaintiff's ability to perform light work. *See id.*; *see also*, *e.g.*, *Laura Anne H.*, 2021 WL 4440345, at *10 (remanding the Commissioner's decision where "the ALJ determined at step two that Plaintiff had 'mild' limitations in two of the four [mental] functional areas . . . . But the ALJ did not address those mild limitations when formulating Plaintiff's RFC.").

At step two, the ALJ recognized the importance of addressing Plaintiff's non-severe mental health impairments in the RFC analysis, explaining:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

T. 20. However, "[w]ithout more, this boilerplate recitation is insufficient to satisfy the legal requirement that the RFC assessment . . . include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Dorcas M.L. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1258 (DJS), 2022 WL 580448, at *4 (N.D.N.Y. Feb. 25, 2022) (internal quotations and citations omitted). The ALJ also noted at step two that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." T. 17, 18. Again, however, "[t]hat passing reference was not a sufficient explanation for the omission of any mental limitations from the RFC

14

determination." *Catherine H. v. Kijakazi*, No. 8:23-CV-0160 (GTS/ATB), 2023 WL 9549491, at *6 (N.D.N.Y. Dec. 15, 2023), *report and recommendation adopted*, 2024 WL 476639 (N.D.N.Y. Feb. 7, 2024) (citing *Mandy C. v. Saul*, No. 5:18-CV-0982 (CFH), 2020 WL 1245348, at *6 (N.D.N.Y. Mar. 16, 2020)).

In sum, "the Court here cannot be certain that the ALJ actually considered [Plaintiff's] mental issues when addressing her RFC." *Mandy C.*, 2020 WL 1245348, at *6 (internal quotations and citation omitted). "Furthermore, . . . this error is harmful because there is at least a reasonable likelihood that a different result could be reached if the ALJ properly considered Plaintiff's non-severe mental impairments when evaluating the RFC." *See Laura Anne H.*, 2021 WL 4440345, at *10 (citing *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998)) (additional citation omitted); *see also Dorcas M.L.*, 2022 WL 580448, at *5 ("There is at least a reasonable likelihood that a different result could be reached if the ALJ properly considered Plaintiff's non-severe mental impairments when evaluating her RFC."). Accordingly, the undersigned recommends the matter be remanded for consideration as to how Plaintiff's mental limitations affect her RFC. *See Dorcas M.L.*, 2022 WL 580448, at *5 ("On remand, the ALJ should consider all of Plaintiff's impairments in the RFC determination regardless of their severity. It may well be that the ALJ finds that Plaintiff's mental impairments do not impose functional limitations on her RFC. However, the ALJ must explain her reasoning for that finding.").

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) be **GRANTED**; and it is further

**RECOMMENDED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 19) be **DENIED**; and it is further

**RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 31, 2024
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge